**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GLENN TERRITO,

            Plaintiff,

- v -

AMAZON.COM SERVICES LLC,

            Defendant.

Civil Action No.: 22-cv-6351

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Glenn Territo ("Territo"), by and through his undersigned attorney, brings this Complaint against Defendant Amazon.com Services LLC ("Amazon"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

2. The Court has original jurisdiction over Territo's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Territo's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about February 25, 2022, Territo submitted a timely Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC"). On or about September 26, 2022, the EEOC issued Territo a Notice of Right to Sue, and this action is being brought within 90 days of Territo's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Territo will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Territo is a resident of the State of New York and former associate worker of Amazon.

8. At all relevant times, Territo was an "employee" of Amazon under all relevant statutes.

9. Amazon is a Delaware limited liability company registered in New York and permitted to do business in New York.

10. Amazon employed more than 14 employees throughout Plaintiff's employment.

11. Amazon employed Territo at its 546 Gulf Avenue, Staten Island, New York 10314 location.

12. At all relevant times, Amazon was Territo's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

**I.  Territo is Hired by Amazon and Excels in His Role**

13. Territo began working for Amazon as an associate worker at its 546 Gulf Avenue, Staten Island, New York 10314 location in or about May 2020.

14. In his role, Territo performed work including packing, transporting packing and

other materials, and repairing tote machines.

15. Territo received a performance award and was name employee of the month for Area Organization in or about October 2020.

16. While Territo was employed by Amazon, it never expressed any criticism or negative feedback to him regarding his work performance.

### II. Territo Injures His Spine at Work and Requests Light-Duty Accommodation

17. On or about September 23, 2021, Territo injured his spine while working for Amazon.

18. The spine injury impacted Territo's ability to perform manual tasks, sleep, walk, stand, lift, and bend.

19. Territo's doctor advised him that he could return to work with restrictions on the amount of weight he was able to safely lift given his spine injury.

### III. Amazon Terminates Territo's Employment Hours After He Returns To Work

20. On October 21, 2021, Territo returned to work.

21. On October 21, 2021, Territo provided Amazon with a copy of his doctor's note.

22. The doctor's note Territo provided to Amazon set forth restrictions on the amount of weight he was able to safely lift given his spine injury.

23. Amazon confirmed receipt of the doctor's note from Territo.

24. Amazon instructed Territo to wait for further instruction before he began working.

25. Approximately four hours after Territo provided Amazon with a copy of his doctor's note, during the afternoon of October 21, 2021, Amazon called Territo into a meeting and suspended his employment.

26. On October 24, 2021, Amazon terminated Territo's employment.

## FIRST CAUSE OF ACTION
**(Disability Discrimination in Violation of the ADA)**

27. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

28. Amazon has discriminated against Territo on the basis of his disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Territo has suffered disparate treatment as a result of Amazon's wrongful conduct.

29. Territo is a disabled individual under the ADA and was perceived by Amazon as being disabled, and he is therefore a member of a protected class.

30. Territo was qualified to work as an associate worker for Amazon and satisfactorily performed the duties required by that position.

31. Amazon subjected Territo to an adverse employment action because of his disability, including, but not limited to, terminating his employment hours after he returned to work and requested a light-duty accommodation.

32. As a direct and proximate result of Amazon's unlawful employment practices, Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

33. Amazon's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Territo, entitling him to punitive damages.

## SECOND CAUSE OF ACTION
**(Failure to Accommodate under the ADA)**

34. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

35. Territo is a disabled individual under the ADA and was perceived by Amazon as being disabled, and is therefore a member of a protected class.

36. Amazon was aware and on notice of Territo's disability and the symptoms.

37. Territo requested reasonable accommodations for his disability that would facilitate his return to work, including light-duty restrictions.

38. In response, Amazon terminated Territo's employment hours after he returned to work and requested a light-duty accommodation.

39. Had Amazon provided Territo with a reasonable accommodation, Territo could have performed the essential functions of his job.

40. Accordingly, Amazon discriminated against Territo by virtue of failing to accommodate his known disability and failing to engage in an interactive process in violation of the ADA.

41. As a direct and proximate result of Amazon's unlawful employment practices, Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

42. Amazon's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Territo, entitling him to punitive damages.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA)

43. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

44. Territo requested a light-duty accommodation after he returned to work.

45. As set forth in detail above, Amazon subjected Territo to discrimination and adverse employment actions because of his actual and/or perceived disability in violation of

Territo's statutory and constitutional rights.

46. Amazon was aware that Territo opposed unlawful conduct and/or asserted his rights under the ADA, including but not limited to, his request for a light-duty accommodation.

47. Amazon, unlawfully and without cause, retaliated against Territo as a direct result of Territo asserting his rights under the ADA as someone with disability or perceived disability, and Territo suffered materially adverse employment actions as a result.

48. As a direct and proximate result of Amazon's unlawful employment practices, Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

49. Amazon's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Territo, entitling him to punitive damages.

50. Accordingly, Amazon retaliated against Territo in violation of his statutory rights as guaranteed by the ADA.

**FOURTH CAUSE OF ACTION**
**(Disability Discrimination in Violation of the NYSHRL)**

51. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

52. The aforementioned facts and circumstances demonstrate that Amazon discriminated against Territo because of his disability.

53. Territo is a disabled individual under the NYSHRL and/or was perceived by Amazon as being disabled, and he is therefore a member of a protected class.

54. Territo was qualified to work as an associate worker for Amazon and he satisfactorily performed the duties required by the position he held with Amazon.

55. As set forth in detail above and herein, Amazon discriminated against Territo and

subjected his to adverse employment actions, including, but not limited to, terminating his employment hours after he returned to work and requested a light-duty accommodation.

56. As a direct and proximate result of Amazon' unlawful employment practices, Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

57. Accordingly, Amazon discriminated against Territo because of his disability, in violation of his statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL)

58. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

59. Territo is a disabled individual under the NYSHRL and/or was perceived by Amazon as being disabled, and he is therefore a member of a protected class.

60. Amazon were aware and on notice of Territo's disability and the symptoms thereof.

61. Territo requested reasonable accommodations for his disability that would facilitate his return to work, including light-duty restrictions.

62. In response, Amazon terminated Territo's employment hours after he returned to work and requested a light-duty accommodation.

63. Had Amazon provided Territo with a reasonable accommodation, Territo could have performed the essential functions of his job.

64. Accordingly, Amazon discriminated against Territo by virtue of failing to accommodate his known disability and failing to engage in an interactive process in violation of the NYSHRL.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

65. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

66. As set forth in detail above, Territo requested a light-duty accommodation after he returned to work.

67. Amazon retaliated by subjecting Territo to discrimination and adverse employment actions because of his actual and/or perceived disability in violation of Territo's statutory and constitutional rights.

68. Amazon were aware that Territo opposed unlawful conduct and/or asserted his rights under the NYSHRL, including but not limited to, his request for a light-duty accommodation.

69. Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

70. Accordingly, Amazon retaliated against Territo in violation of his statutory rights as guaranteed by the NYSHRL.

## SEVENTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYCHRL)

71. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

72. The aforementioned facts and circumstances demonstrate that Amazon discriminated against Territo because of his disability.

73. Territo is a disabled individual under the NYCHRL and/or was perceived by Amazon as being disabled, and he is therefore a member of a protected class.

74. Territo was qualified to work as an associate worker for Amazon and he satisfactorily performed the duties required by the position he held with Amazon.

75. As set forth in detail above and herein, Amazon discriminated against Territo in the terms and conditions of his employment by treating Territo less well than his similarly situated, non-disabled coworkers.

76. Amazon subjected Territo to adverse employment action because of his disability, including, but not limited to, terminating his employment hours after he returned to work and requested a light-duty accommodation.

77. As a direct and proximate result of Amazon' unlawful employment practices, Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

78. Amazon' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Territo, entitling him to punitive damages.

79. Accordingly, Amazon discriminated against Territo because of his disability, in violation of his statutory rights as guaranteed by the NYCHRL.

## EIGHTH CAUSE OF ACTION
**(Failure to Accommodate in Violation of the NYCHRL)**

80. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

81. Territo is a disabled individual under the NYCHRL and/or was perceived by Amazon as being disabled, and he is therefore a member of a protected class.

82. Amazon were aware and on notice of Territo's disability and the symptoms thereof.

83. Territo requested reasonable accommodations for his disability that would

facilitate his return to work, including light-duty restrictions.

84. In response, Amazon terminated Territo's employment hours after he returned to work and requested a light-duty accommodation.

85. Had Amazon provided Territo with a reasonable accommodation, Territo could have performed the essential functions of his job.

86. As a direct and proximate result of Amazon' unlawful employment practices, Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

87. Amazon' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Territo, entitling him to punitive damages.

88. Accordingly, Amazon discriminated against Territo by virtue of failing to accommodate his known disability under NYCHRL.

## NINTH CAUSE OF ACTION
(Retaliation in Violation of the NYCHRL)

89. Territo repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

90. As set forth in detail above, Territo requested a light-duty accommodation after he returned to work.

91. Amazon treated Territo less well than similarly situated employees by subjecting his to discrimination and adverse employment actions because of his actual and/or perceived disability in violation of the NYCHRL.

92. Amazon were aware that Territo opposed unlawful conduct and/or asserted his rights under the NYCHRL, including but not limited to, his request for a light-duty accommodation.

93. Amazon, unlawfully and without cause, retaliated against Territo as a direct result of Territo asserting his rights and/or opposing unlawful conduct under the NYCHRL, and Amazon' conduct is reasonably likely to deter an individual from engaging in such protected activity.

94. As a direct and proximate result of Amazon' unlawful employment practices, Territo has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

95. Amazon' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Territo, entitling him to punitive damages.

96. Accordingly, Amazon retaliated against Territo in violation of his statutory rights as guaranteed by the NYCHRL.

## **RELIEF**

Plaintiff Glenn Territo demands judgment in his favor and against Amazon as follows:

A. A declaratory judgment that the actions of Amazon complained of herein violate the ADA, New York State Human Rights Law, and New York City Human Rights Law;

B. An injunction and order permanently restraining Amazon from engaging in any such further unlawful conduct;

C. An award of damages against Amazon, in an amount to be determined at trial, plus prejudgment interest, to compensate Territo for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D. An award of damages against Amazon, in an amount to be determined at trial, plus prejudgment interest, to compensate Territo for all non-monetary and/or

compensatory damages, including, but not limited to, compensation for his emotional distress;

E. An award of punitive damages, in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of Territo's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Glenn Territo demands a trial by jury on all issues so triable of right.

Dated: October 20, 2022

Respectfully submitted,

/s/ Alex Rissmiller
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com

*Counsel for Plaintiff Glenn Territo*